# CHARLESTON

## TRAMEL v. STAFFORD.

Submitted September 29, 1914.    Decided October 13, 1914.

1. APPEAL AND ERROR—*Courts—Appealable Orders—Orders of County Courts.*

   In determining their appealability, orders of county courts are construed with less strictness than judgments of circuit courts. If it is apparent an order of the county commissioners was intended as a final adjudication of all matters presented upon the hearing before them, and its language is reasonably susceptible of that interpretation, it is appealable.  (p. 99).

2. EXECUTORS AND ADMINISTRATORS—*Refusal to Remove Administrator —Appeal—Jurisdiction of Circuit Court.*

   Upon appeal from an order of the county court denying removal of an administrator, the circuit court has jurisdiction, in a proper case, to remove for cause the original appointee and to substitute another in his stead as personal representative.  (p. 99).

3. SAME—*Refusal to Remove Administrator—Appeal—Proof.*

   Where, upon such appeal, the defendant, though served with notice, appears only to move a dismissal, the court may grant relief on the petition, stating sufficient cause therefor and duly verified, neither party demanding another proof thereof.  (p. 100).

Error to Circuit Court, Mingo County.

Action by Hattie A. Tramel against R. M. Stafford. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Wiles & Bias,* for plaintiff in error.

Lynch, Judge:

Upon appeal, under § 47, ch. 39, Code 1913, from an order of the county court of Mingo county denying the petition of Hattie A. Tramel, widow, praying, for reasons therein assigned, removal of R. M. Stafford as administrator of her husband, P. W. Tramel, deceased, the circuit court reversed the order, removed Stafford and in his stead appointed J. H. Greene as such personal representative; and, on writ of error, Stafford seeks reversal of the judgment of a motion against him.

By the first assignment is questioned the finality of the county court's order. Strictly speaking, the order, if entered by a court of record, would not be appealable. For, eliminating recitals showing the filing of the petition, service of notice on Stafford and his failure to appear, the order concludes: "Thereupon the court decided that said petition and application should be denied". But proceedings of county courts, for obvious reasons, are to be construed with less strictness than those of courts wherein obtain formal common-law pleadings and procedure. Such proceedings necessarily must be deemed and treated as informal; because rarely are county commissioners or their clerks experienced draftsmen of formal, technical orders. No doubt, the members who directed entry of the order, and the clerk who entered it, deemed it a final adjudication of all matters presented upon the hearing then before the court. And in this light we consider it, though not importing an express adjudication of the matters involved.

By the second assignment, Stafford challenges the jurisdiction of the circuit court to exercise the right of a motion under the provision of the section cited, which authorizes appeals in cases of appointment and qualification of personal representatives. To so construe the statute would render it meaningless. Why grant the right of appeal in such cases, if the court is without authority to remove the appointee? Surely, the legislature did not intend to authorize a deceptive and disappointing proceeding, a mere apple of Sodom; and such the appeal must be if, as plaintiff in error argues, the court can not for cause remove from office an appointee who is *persona non grata* or otherwise obnoxious and objectionable to the

creditors and distributees of decedent's estate. *Butcher* v. *Kunst*, 65 W. Va. 384, was a like proceeding, and the right of a motion was not questioned.

Nor is there more merit in the assignment denying the exercise of such right without full and competent proof offered at the bar of the court. Stafford did not, after allowance of the appeal, appear in the circuit court, except to move a dismissal for want of jurisdiction. This denied, he abided the court's action, and sought relief therefrom on writ of error here. At no stage of the proceeding until it reached us, did he appear for any other purpose. Under these circumstances, we think the action of the court was fully warranted. The proceeding was not a suit, requiring observance of strict rules of a regular trial before a jury; and, on appeal, it retains the same status.

Perceiving no error, we affirm the judgment.

*Affirmed.*