# CHARLESTON.

Davis v. Baker, *Judge, et al.*

(No. 6785)

Submitted May 13, 1930.   Decided May 20, 1930.

*L. T. Eddy, L. C. Musgrave, J. Worley Powell* and *French McCray,* for petitioner.

*Tusca Morris, Frank C. Haymond,* and *Victor H. Shaw,* for Smith Hood, executor.

Maxwell, Judge:

The purpose of this proceeding is to prohibit the Honorable Charles G. Baker, judge of the circuit court of Monongalia county, and Smith Hood, executor of the last will and testament of Morgan Billingsley, deceased, from proceeding further in a certain prohibition proceeding pending in said court, wherein Hood, executor as aforesaid, seeks to prohibit the president and the commissioners of the county court of Marion county, W. Va., and I. B. Davis, relator in the present proceeding, from taking further action in a proceeding that was instituted in said county court by the said Davis, one of the beneficiaries under the will of said Billingsley, deceased, for the purpose of requiring Hood to execute a new bond as such executor.   The proceeding by Hood, executor, was instituted in the circuit court of Monongalia county because of the disqualification of the judge of the circuit court of Marion county to act in the matter.

Hood seeks relief in the circuit court of Monongalia county in the aforesaid proceeding because he says, in substance, that the county court of Marion county is proceeding without jurisdiction to require him to give a new bond as such executor. He says that the county court is without jurisdiction in said matter because in its initial order therein, entered on the 4th day of March, 1930, without notice to Hood, and without his being present or represented by counsel, the court adjudged and held that he should give such new bond. Davis denies that such was the effect of the said order of the county court. Our decision must be determined by the construction to be given said order. If it must be held to have been an adjudication of the matter involved without Hood being present and without his having had notice, then the county court should be prohibited from proceeding further on the basis of said order; otherwise not.

The said order, after noting the motion of said Davis which was "that Smith Hood be required to appear before this court and to execute and enter into a new bond as executor of the purported last will and testament of Morgan Billingsley, deceased, * * *" and after noting the filing of the petition of said Davis in support of said motion, and after extensive preliminary recitals, states that it appearing to the court from said petition "that the said I. B. Davis, petitioner, is a person interested in the matters and issues in and by his said petition and motion mentioned and raised, the court is of opinion to allow the said motion of the said petitioner, and the same is hereby allowed and granted." The order then proceeds:

"It is therefore adjudged, ordered and decreed that the said Smith Hood be, and he is hereby, directed and required to appear before this court on the 8th day of March, 1930, at the hour of 10 o'clock A. M. of that day, at the Court House of Marion County, West Virginia, in the City of Fairmont, West Virginia, and to show cause, if any he can, why he should not be required by this court to execute and enter into a new bond as Executor of the said purported last will and testament of Morgan Billingsley, deceased, in the penalty pre-

scribed by law, conditioned according to law, and with surety to be approved by this court.

"It is further adjudged, and decreed, that the service of a copy of this order upon the said Smith Hood shall be sufficient notice to him of the action and order of the court herein."

Further proceedings in the county court of Marion county on the said motion and petition of relator were delayed because of certain circuit court proceedings since dismissed. After the dismissal of the last-mentioned proceedings, the said county court, on the 19th day of April, 1930, entered an order requiring Hood to appear before said court on the 24th day of said month "and to show cause, if any he can, why he should not be required by this court to execute and enter into a new bond as executor of the said purported last will and testament of Morgan Billingsley, deceased, in the penalty prescribed by law, conditioned according to law, and with security to be approved by this court." The order provided for the service of a copy thereof on Hood. On the 24th of April, he appeared specially by counsel and moved the court to quash the notice returnable March 8th and the notice returnable April 24th, because insufficient in law; also moved the court to set aside and vacate its orders entered in said proceeding on March 4th and April 19th, respectively, and all intermediate orders, because made in the absence of Hood, and without notice to him, and because unauthorized, and for other reasons appearing on the face of said orders and from the records in control of said court. The court overruled these motions, whereupon Hood demurred to the petition of Davis, and, without waiving the demurrer, tendered his answer to said petition. Whereupon the court took under consideration its action on said demurrer and adjourned the further hearing of the matter until April 28th. On the last-mentioned date and before the adjourned proceedings were had in the county court, the rule in prohibition was awarded by the judge of the circuit court of Monongalia county at the instance of Hood, executor as aforesaid, requiring the president and the commissioners of the county court of Marion county and the said Davis to appear before the said circuit court at the courthouse of Monongalia county,

on the 10th day of May, 1930, and show cause why they should not be prohibited from proceeding further on the motion and petition of the said Davis pending in the said county court. This was followed by the issuance of the rule by this Court in the instant proceeding.

This Court has held that: ''Proceedings of county courts, for obvious reasons, are to be construed with less strictness than those of courts wherein obtain formal common-law pleadings and procedure. Such proceedings necessarily must be deemed and treated as informal; because rarely are county commissioners or their clerks experienced draftsmen of formal, technical orders.'' *Tramel* v. *Stafford,* 75 W. Va. 98, 83 S. E. 299, 300. We must be governed more by the practical effect of a county court order than by any ill-advised phraseology that may be employed therein. Now, while it is true that the order of the county court of Marion county of the 4th of March, 1930, entered in the absence of Hood and without notice to him, improperly contains the statement or finding that ''the court is of opinion to allow the said motion of said petitioner, and the same is hereby allowed and granted,'' we are of opinion that it requires forced and unwarranted construction of the entire order to reach the conclusion that the said phraseology must be considered as a final adjudication of Hood's liability to execute the new bond sought by Davis. Such construction is inconsistent with the succeeding paragraph of the same order which required that the said Hood appear on the 8th day of March to show cause why he should not be required to give a new bond; and the last paragraph of the order which provided for service upon Hood of a copy of the order as notice of the court's action therein. Even a formal judgment in a court of record must be tested by its substance rather than by its form. 1 Black on Judgments (2d Ed.) § 115. ''And when a judgment admits of two or more possible constructions, that interpretation will be adopted which is consistent with the judgment that should have been rendered on the facts and law of the case.'' 15 Standard Ency. Pro. p. 92. *A fortiori* are these rules of wisdom applicable to tribunals such as county

courts, which are not courts of record and wherein the proceedings are of the most informal and nontechnical nature.

The county court did not attempt to treat the order of March 4th as an adjudication, but merely as a requirement that Hood appear and show cause why he should not give a new bond. This is shown not only by the last two paragraphs of the order itself, but by the court's subsequent orders. We therefore reach the conclusion that the county court was not exceeding its jurisdiction. To have warranted the circuit court in entertaining prohibition against the county court, it should clearly have appeared that the latter court was proceeding without jurisdiction. High's Extraordinary Remedies, § 780. It is axiomatic that a tribunal which has taken cognizance of a matter within its jurisdiction and is proceeding regularly therewith must not be interfered with by another tribunal even though it be of superior jurisdiction. Such encroachment will itself be prohibited because of the lack of jurisdiction necessarily inherent thereto. It is within the proper scope of the writ of prohibition to prevent encroachment by one tribunal upon the jurisdiction of another. *State ex rel. Sullivan* v. *Reynolds, Judge,* 209 Mo. 161, 107 S. W. 487, 15 L. R. A. (N. S.) 963, 123 Am. St. Rep. 468, 14 Ann. Cas. 198. "The writ may be issued where the inferior court is proceeding without jurisdiction, or where the jurisdiction assumed belongs to another court, or where it transcends its jurisdiction." *People ex. rel. Hudson* v. *Superior Court Judge,* (Mich.) 2 N. W. 919. It is not necessary for our exercise of the writ that the circuit court should have finally adjudicated the matter. When a court is attempting to proceed in a matter without jurisdiction, prohibition will lie. "To warrant interposition by the writ of prohibition, it is only necessary to show that the inferior tribunal is actually proceeding or about to proceed in some matter in which it has no rightful jurisdiction." *Charleston* v. *Littlepage, Judge,* 73 W. Va. 156, 163, 80 S. E. 131, 135, 51 L. R. A. (N. S.) 353. It is sufficient that the circuit court took cognizance of a proceeding which involved interference with the jurisdiction of the county court in a matter properly pending before it. *Writ awarded.*