WILBURN WEBB, *Admr., v.* O. F. KECK, *Justice of the Peace, et al.*

(No. 8521)

Submitted May 18, 1937. Decided May 25, 1937.

FOX, JUDGE, absent.

*F. F. Scaggs* and *Daugherty & Daugherty*, for plaintiffs in error.

*W. Earl Burgess*, for defendant in error.

MAXWELL, JUDGE:

In this case there is before us for review a writ of prohibition awarded by the circuit court of Wayne County.

Five of the distributees of the personal estate of Mont Webb, deceased, instituted separate actions, each for $300.00, before a justice of the peace of Wayne County, against Wilburn Webb, administrator of the personal estate of Mont Webb, deceased. Each of the plaintiffs recovered judgment; the smallest judgment was for $118.-14, the next larger one, $180.77, and the other three were each $230.77.

After the judgments had been rendered against him, Wilburn Webb, administrator as aforesaid, filed a petition in the circuit court of Wayne County praying that further proceedings in said cases be prohibited. The petitioner alleged that in each of the actions the claim of the plaintiff was based on an asserted right to a distributive share of the personal estate of Mont Webb, deceased. This allegation of the petition stands undenied. In fact, the record does not disclose that there was any answer at all to the petition. Therefore, this averment, as well as all other averments of the petition, well pleaded, must be taken as true, notwithstanding the statement contained in the petition filed in this court for writ of error that the sums sought to be recovered by the several plaintiffs in the actions before the justice were for their respective shares of a sum collected by the administrator from a tort-feasor for the wrongful death of Mont Webb.

It is further alleged in the petition for prohibition that at the time of the institution of the five actions before

the justice, the settlement of the estate of Mont Webb, deceased, had been referred to a commissioner of accounts and was pending before him.

Because of such pendency, the administrator avers in his petition that the justice of the peace was without jurisdiction to entertain the actions. The circuit court accepted that view and issued a writ as prayed for by the administrator. The plaintiffs in the several actions and the justice were awarded writ of error by this court.

Article 2 of Chapter 44, of the Code provides for the settlement of the estates of decedents. Among other things are the following requirements: Upon the appointment of a personal representative of a decedent, the estate shall be referred to a commissioner of accounts "for proof and determination of debts and claims, establishment of their priority, determination of the amount of the respective shares of the legatees and distributees, and any other matter necessary and proper for the settlement of the estate"; publication by the commissioner of notice of the time for receiving claims against the decedent's estate; report by the commissioner to the county court on the claims of creditors, assets and shares of the distributees and legatees; hearing by the county court of exceptions to the commissioner's report. Also, there may be an appeal to the circuit court from an order of the county court. The said article also provides the order in which the debts of the decedent shall be paid; further, after the report of the commissioner has been confirmed, and after one year from the time of the qualification of the personal representative, the latter may pay the claims allowed by the commissioner, but, "A personal representative shall not be compelled to pay any legacy given by the will, or make distribution of the estate of his decedent, until after a year from the date of the order conferring authority on the first executor or administrator of such decedent, and not then unless the report of claims against the estate made by the commissioner of accounts has been confirmed and no appeal has been taken from the order of confirmation." Code, 44-2-25.

Another section of the statute makes provision for the compelling of a personal representative to make settlement of his accounts. Code, 44-4-10.

These several statutory provisions clearly indicate the legislative intent that estates of deceased persons shall be dealt with in the manner prescribed by the said sections; that before there has been ascertainment of debts, there should be no payment of legacies, or of distributive shares under the statute of descent and distribution. There is thus presented a simple and well-ordered plan for the administration of estates. To permit distributees to obtain, and attempt to enforce judgments against a personal representative, for distributive shares of an estate, before ascertainment of indebtedness, would undermine and destroy the purpose of the statutes. In truth, anomalous procedure of that sort involves an impossibility of accomplishment, because there can be no adjudication of the amount of a distributive share of an estate until the debts have been ascertained.

In a proper case, particularly one involving a debt, there may be a judgment, *de bonis testatoris,* against the executor of a will, or *de bonis intestatis,* against the administrator of the personal estate of a decedent, but, where, as in this state, there is a carefully designed statutory system for the administration of decedents' estates, such judgment may not be enforced by execution to the prejudice of other claims against the estate. A judgment, when proper, clearly establishes the claim against the estate. The priority of such claim will then be determined under the statute which classifies the debts against dead persons' estates. "The question of whether an execution may issue against an administrator or executor is to be determined by considering the general scheme authorized by the laws of the state for the settlement of the estates of deceased persons. If that scheme requires the presentation of all claims against the decedent to his executor or administrator, and that such claims shall be paid in the order designated in the statute out of the funds of the estate, and further provides

means by which, if the estate has not the requisite funds, its property may be sold for the purpose of paying them, then, as a general rule, a judgment creditor has no remedy by execution, and such writ cannot properly issue in his favor." I Freeman on Executions (3rd Ed.), section 22. "The determination of the liability of the deceased debtor to his creditor, even where it takes the shape of an allowance or judgment by a court, is not generally enforceable by execution against the decedent's estate or the personal representative, but must be certified to or filed in the Probate court for classification, resembling, in this respect, the judgment *de bonis intestatis*, or *de bonis testatoris*, at common law, but in no manner involving any question of assets, which is determinable in the Probate court by an independent proceeding." II Woerner, The American Law of Administration (3rd Ed.), section 410.

Thus, it appears that when an estate of a deceased person is pending before a commissioner of accounts for settlement, a judgment against the administrator, *de bonis intestatis*, may not be given a preferential status.

There are thus two reasons why a justice of the peace should not assume jurisdiction of a claim for a distributive share of the estate of a decedent: First, the amount of a distributive share may in no wise be adjudicated until the claims of creditors have been ascertained and determined; and second, a judgment by the justice could not possibly have any more effect than to establish the status of the claim of the distributee, and since that status is fixed by statute, such judgment of the justice would be a vain and useless thing.

A justice is not clothed by law with authority to attempt unavailing and fruitless procedure. Such an effort involves abuse of power and the unwarranted assumption of jurisdiction which is vested by law in another tribunal. "It is within the proper scope of the writ of prohibition to prevent encroachment by one tribunal upon the jurisdiction of another." *Davis* v. *Baker, Judge,* 109 W. Va. 192, 153 S. E. 491, 493. In that case we quoted with approval from *People ex rel. Hudson* v.

*Judge Superior Court,* (Mich.) 2 N. W. 919: "The writ may be issued where the inferior court is proceeding without jurisdiction, or where the jurisdiction assumed belongs to another court, or where it transcends its jurisdiction." Decisions in the two cases cited were made in recognition of the well understood principle that prohibition is a proper remedy when a tribunal is attempting to exercise control over a case in which it has no right to act.

For the reasons stated, there is no error in the circuit court's order. Therefore, we affirm the same.

*Affirmed.*