633 S.E.2d 234

STATE of West Virginia Ex Rel.
Nicholas W. JOHNSON,
Petitioner,

v.

The Honorable Jeffrey B. REED, Judge of
the Circuit Court of Wood County, West
Virginia; and Charles F. Erickson; and
Lee A. Scott, Respondents.

No. 33002.

Supreme Court of Appeals of
West Virginia.

Submitted: May 10, 2006.

Decided: June 14, 2006.

James M. Cagle, Esq., Charleston, for the Petitioner.

Robert L. Bays, Esq., Paul L. Hicks, Esq., Heather Harlan, Esq., Bowles, Rice, McDavid, Graff & Love, Parkersburg, for Respondents, Charles F. Erickson and Lee A. Scott.

PER CURIAM.

In this original proceeding, the petitioner, Nicholas W. Johnson, asks this Court to prohibit the enforcement of the December 13, 2005, order of the Circuit Court of Wood County, West Virginia, removing him as Executor of the Estate of Ethel M. Erickson, deceased, and as Trustee of the Ethel M. Erickson Grantor's Trust. The Circuit Court ruled that Johnson, an attorney, should be removed from those positions because of the pendency of a legal malpractice action filed against him concerning his representation of Ms. Erickson on various matters during her lifetime. Johnson denies any transgressions in his representation of Ms. Erickson and alleges that the malpractice action, filed by certain beneficiaries of the Estate and Trust, constitutes a sham advanced to avoid paying his fiduciary fees and, possibly, to break the Trust.

This Court has before it the petition, the response, the exhibits and the argument of counsel. As discussed below, the December 13, 2005, order contained no findings or conclusions nor any analysis of (1) the malpractice action, (2) the conflict of interest claims relating thereto or (3) any additional ground for Johnson's removal. Nor was an evidentiary hearing conducted by the Circuit Court. This Court is, therefore, of the opinion that the Circuit Court exceeded its authority in removing Johnson as Executor and Trustee.

Accordingly, this Court grants the relief requested by petitioner Johnson, as moulded, and prohibits enforcement of the December 13, 2005, order.[1] Specifically, this Court holds that Johnson is reinstated as Executor of the decedent's Estate and as Trustee of the Ethel M. Erickson Grantor's Trust pending the entry of a final order by the Circuit Court following an evidentiary hearing to be conducted upon the removal issue and, if removal is warranted, upon the appropriateness of appointing Charles F. Erickson and Lee A. Scott as successor Executors and Trustees. If deemed necessary, the Circuit Court is authorized to appoint an Executor and Trustee ad litem pending resolution of the malpractice action.

1. The petition filed by Johnson in this Court sought relief in prohibition and mandamus.

However, this Court issued a rule to show cause as to prohibition only.

## I.

## Factual and Procedural Background

On September 21, 2001, Ethel M. Erickson of Parkersburg, West Virginia, executed a trust agreement which amended and republished a Trust she created in December 1999. The purpose of the Trust, known as the Ethel M. Erickson Grantor's Trust, was to provide for the management of Ms. Erickson's property during the remainder of her life and, upon her death, to make distributions to her beneficiaries. The primary beneficiaries under the Trust were Ms. Erickson's three adult children: Charles F. Erickson, Myrah Erickson Scott and Donna Erickson Roberson. The Trust directed that the trust estate, following the payment of expenses and the making of specific distributions, would be divided into equal shares and held by the Trustee as separate trusts for Charles, Myrah and Donna's benefit.

During her lifetime, Ethel M. Erickson was the Trustee of the Trust. At her death, petitioner Johnson, an attorney who had represented her over the years, was to become Trustee subject to the provision that, if he failed or refused to serve, the beneficiaries could appoint a successor. The Trust specified that the Trustee: (1) would be provided

with a financial advisor,[2] (2) was subject to the making of accountings of Trust property and (3) was entitled to reasonable compensation.

Also on September 21, 2001, Ethel M. Erickson executed a Will. The Will provided that, following the payment of expenses and the making of specific distributions, the residue of the Estate would be added to, and become a part of, the Ethel M. Erickson Grantor's Trust. Johnson was named Executor under the Will, and Charles F. Erickson and Lee A. Scott, Ms. Erickson's son-in-law, were named successor Executors. The Will provided that the Executor would serve without bond and would be entitled to reasonable compensation.

Ms. Erickson died on May 21, 2005. The record indicates that her assets at that time totaled approximately 16 million dollars. Her Will was admitted to probate in Wood County in June 2005, and petitioner Johnson qualified as the Executor of her Estate. He also became the Trustee of the Ethel M. Erickson Grantor's Trust.[3]

Soon after Ms. Erickson's death, Charles F. Erickson and Myrah Erickson Scott sought to remove Johnson from his fiduciary positions.[4] In October 2005, Charles F. Erickson and Myrah Erickson Scott filed a legal

---

**2.** Article VIII, paragraph E. of the Trust stated: "The Grantor hereby appoints Merrill Lynch of Charlotte, North Carolina, as the investor advisor of the Trustee because Ralph Newbanks and his son, John Newbanks of that Company have been familiar with her account for a number of years and have provided valuable financial advice to Grantor."

**3.** The record indicates that the Trust holdings are located in West Virginia, North Carolina and in "various bank accounts and securities which are accessible in many different locales." The record further indicates that petitioner Johnson resides in Kanawha County, West Virginia, and that Charles F. Erickson resides in Florida, that Lee A. and Myrah Erickson Scott reside in North Carolina and that Donna Erickson Roberson resides in Georgia.

**4.** After Ms. Erickson's funeral, petitioner Johnson met with some of Ms. Erickson's family members to discuss the provisions of the Will and the Trust. According to Johnson, Charles F. Erickson stated to him at that time: "I will fight you to the death over that 5% that you want to charge on the estate settlement. * * * [W]e thought you'd write a couple of checks, then go back to Charleston."

The adversity dates back a number of years. In *Erickson v. Erickson*, 849 F.Supp. 453 (S.D.W.Va.—1994), Ms. Erickson was involved in a divorce proceeding and, upon her husband's death, brought an action against his Executor, Charles F. Erickson (her son and a respondent herein). The complaint sought an accounting of martial properties which had been in the possession of her husband at the time of his death. In the alternative, the complaint sought punitive damages against the Executor for possible fraudulent conveyances. Charles F. Erickson, in turn, filed a third-party complaint against Ms. Erickson's attorneys, including petitioner Johnson, upon the theory that the attorneys breached a duty to Ms. Erickson to preserve the marital property, if there were "reasonable grounds to believe that the marital estate was being dissipated." The District Court dismissed the third-party complaint for failure to state a claim upon which relief could be granted.

Moreover, in *State ex rel. Erickson v. Hill*, 191 W.Va. 320, 445 S.E.2d 503 (1994), which also involved the settlement of Ms. Erickson's marital property, Charles F. Erickson, as Executor of his father's estate, served a subpoena *duces tecum* upon Ms. Erickson which required her to produce a number of detailed lists of various assets

malpractice action against Johnson in the Circuit Court of Wood County. The complaint alleged that Johnson breached his contractual obligations to Ms. Erickson, and was negligent, with regard to: (1) his handling of a 1998 conveyance by her of a tract of land in Logan County, West Virginia,[5] and (2) his advice to her concerning tax consequences to the beneficiaries under the Will and Trust.[6] The complaint demanded damages, costs and attorney fees.[7]

In addition to the legal malpractice action, Charles F. Erickson and Myrah Erickson Scott filed a petition before the County Commission of Wood County to remove Johnson as Executor of Ms. Erickson's Estate and a declaratory judgment action in the Circuit Court of Wood County to remove him as Trustee of the Ethel M. Erickson Grantor's Trust.[8] In both instances, removal was sought upon the ground that the claims of malpractice against Johnson resulted in a conflict of interest, thereby precluding his service as Executor and Trustee. In reply, Johnson denied any transgressions in his representation of Ms. Erickson and asserted

---

and their value. Concluding that the subpoena was oppressive and burdensome, this Court awarded Ms. Erickson relief in prohibition.

5. According to Charles F. Erickson and Myrah Erickson Scott, Ms. Erickson authorized Johnson to convey a tract consisting of no more than 11.08 acres in Logan County to Ohio Valley College. The transaction occurred by deed dated March 16, 1998. Soon after, the College conveyed the tract to an individual by the name of Joyce L. Robertson. Subsequently, condemnation proceedings for highway construction purposes were instituted by the West Virginia Department of Transportation resulting in litigation in the Circuit Court of Logan County and this Court's opinion in *Department of Transportation v. Robertson*, 217 W.Va. 497, 618 S.E.2d 506 (2005). In *Robertson*, this Court noted that a corrected description of the property revealed that the tract included an additional 22.33 acres. Although Ms. Erickson was permitted to intervene before the Circuit Court to assert ownership of the additional acres, the Circuit Court concluded that Robertson was entitled to a reformed deed in order to convey the 22.33 acres to her. Charles F. Erickson and Myrah Erickson Scott contend that the Circuit Court's conclusion was based upon the fact that Johnson had originally negotiated for Ms. Erickson to sell "all of the land" in the tract. Ms. Erickson did not appeal from the Circuit Court's ruling concerning the 22.33 acres, and this Court's opinion in *Robertson* focuses upon the condemnation proceeding as between Ms. Robertson and the Department of Transportation.

In the response to the petition for a writ of prohibition, Charles F. Erickson and Lee A. Scott indicate that Ms. Erickson "engaged Richard A. Hayhurst as counsel to assert her ownership to the additional properties" before the Circuit Court. In that regard, the record herein includes a letter dated February 9, 2005, in which Mr. Hayhurst informs Ms. Erickson about the status of the subsequent *Robertson* appeal. It should be noted that, according to the published opinions in *Erickson v. Erickson* and *State ex rel. Erickson v. Hill*, discussed above, Mr. Hayhurst represented Charles F. Erickson in those matters. The response to the petition for a writ of

prohibition states that Charles F. Erickson and Myrah Erickson Scott obtained independent legal advice from Hayhurst and an attorney named Charles D. Fox, IV, to the effect that the malpractice claim against petitioner Johnson has merit.

6. The complaint alleged that Johnson failed to properly advise Ms. Erickson about the "Generation Skipping Tax," thereby exposing the assets to be transferred at her death to unnecessary taxation.

7. During oral argument before this Court, a question arose concerning the standing of the beneficiaries under the Will and Trust to bring a legal malpractice action against Johnson for alleged conduct occurring during his representation of Ms. Erickson. Syllabus point 2 of *Calvert v. Scharf*, 217 W.Va. 684, 619 S.E.2d 197 (2005), holds:

> Direct, intended and specifically identifiable beneficiaries of a will have standing to sue the lawyer who prepared the will where it can be shown that the testator's intent, as expressed in the will, has been frustrated by the negligence of the lawyer so that the beneficiaries' interest(s) under the will is either lost or diminished.

Unlike the circumstances in the current proceeding, the attorney in *Calvert* was neither a named executor nor a named trustee under the testamentary documents. In this case, presumably, Johnson's role as Executor and Trustee would, *a fortiori*, lead to a conclusion of standing. In any event, that question is not before this Court. The issue of standing in reference to the malpractice action was not addressed by the Circuit Court in the final order of December 13, 2005, and was not developed before this Court by the parties. Consequently, the issue of standing is not a part of this proceeding in prohibition.

8. Pursuant to *W. Va.Code*, 55–13–4 (1941), any person interested, as or through an executor, administrator, trustee or other fiduciary, in the administration of a trust or the estate of a decedent may have a declaration of rights to determine "any question arising in the administration of the estate or trust [.]"

that the malpractice action and the conflict of interest allegations constituted a sham advanced by Charles F. Erickson and Myrah Erickson Scott to avoid paying his fiduciary fees and, possibly, to break the Trust.

The malpractice action, the petition to remove and the declaratory judgment action were combined for purposes of consideration in the Circuit Court. A non-evidentiary hearing was conducted on December 9, 2005, at the conclusion of which the Circuit Court ruled that, because of the pending malpractice action, Johnson should immediately be removed as Executor of the Estate and as Trustee of the Trust. Soon after, Charles F. Erickson and Lee A. Scott became the Executors and the Trustees.

On December 13, 2005, an order was entered in the Circuit Court reflecting the above ruling. The order, consisting of two pages, set forth no findings or conclusions. Nor did it discuss the alleged conflict of interest relating to the malpractice action or express any additional ground for petitioner Johnson's removal. The Circuit Court denied Johnson's request for a stay but indicated that it would conduct an evidentiary hearing on February 13, 2006, upon his motion for reconsideration. The evidentiary hearing, however, was not held as scheduled, and on February 16, 2006, this Court issued a rule to show cause why relief in prohibition should not be granted.[9]

## II.

### Standards of Review Concerning Prohibition

This Court has original jurisdiction in prohibition proceedings pursuant to Art. VIII, § 3, of The Constitution of West Virginia. That jurisdiction is recognized in Rule 14 of the West Virginia Rules of Appellate Procedure and in various statutory provisions. *W. Va.Code*, 51–1–3 (1923); *W. Va. Code*, 53–1–2 (1933). In considering whether to grant relief in prohibition, this Court stated in the syllabus point of *State ex rel. Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E.

111 (1925), as follows: "The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction." Syl. pt. 1, *State ex rel. Brison v. Kaufman*, 213 W.Va. 624, 584 S.E.2d 480 (2003); syl. pt. 1, *State ex rel. Laura R. v. Jackson*, 213 W.Va. 364, 582 S.E.2d 811 (2003); *State ex rel. Murray v. Sanders*, 208 W.Va. 258, 260, 539 S.E.2d 765, 767 (2000); *State ex rel. Barden and Robeson Corporation v. Hill*, 208 W.Va. 163, 166, 539 S.E.2d 106, 109 (2000).

Here, petitioner Johnson does not contend that the Circuit Court lacked jurisdiction to consider his removal as Executor and Trustee. Rather, he asserts that, under the circumstances before it, and in the absence of an evidentiary hearing, the Circuit Court exceeded its jurisdiction in ordering his immediate removal. In that context, a more specific standard is found in syllabus point 4 of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), which holds:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear

9. The February 16, 2006, order of this Court granted a stay of all underlying proceedings other than the malpractice action. A partial lifting of the stay was granted by this Court on Febru-

ary 21, 2006, for the purpose of allowing the Executors to, *inter alia*, "make the payment of the estimated federal estate tax imposed upon the Estate."

error as a matter of law, should be given substantial weight.

Syl. pt. 1, *State ex rel. Blake v. Hatcher*, 218 W.Va. 407, 624 S.E.2d 844 (2005); syl. pt. 1, *State ex rel. Cosenza v. Hill*, 216 W.Va. 482, 607 S.E.2d 811 (2004); syl. pt. 2, *State ex rel. Isferding v. Canady*, 199 W.Va. 209, 483 S.E.2d 555 (1997).

## III.

### Discussion

 Generally, the selection of an executor by a testator or the selection of a trustee by the settlor of a trust indicates that the testator or settlor did not intend to leave that choice for others to make. Thus, in honoring that intent, the selection of an executor or trustee should not be set aside lightly. With regard to testators, this Court stated in *Welsh v. Welsh*, 136 W.Va. 914, 928, 69 S.E.2d 34, 42 (1952): "In cases where the personal representative is nominated by a testator, his desire that a certain person administer his estate should control, if reasonably possible." *See also, In the Matter of the Estate of Moore*, 292 N.C. 58, 231 S.E.2d 849 (1977) (indicating that it may be inferred that a testator who selects his or her executor must have had "reasons for the selection"). Similarly, as noted in II Scott and Fratcher *The Law of Trusts* § 107.1. (4th ed. Little, Brown & Co.1987): "The court is less ready to remove a trustee who was named by the settlor than it is to remove a trustee appointed by the court [.]" *See also, Scott and Ascher on Trusts* § 11.10.1. (5th ed. Aspen Pub.2006). However, as acknowledged in *Welsh*, the selection of the fiduciary "should not prevent the prompt removal of a personal representative who is incompetent, or who fails or refuses to perform his clear duties." 136 W.Va. at 928, 69 S.E.2d at 42.

 Upon the latter point, syllabus point 2 of *Tramel v. Stafford*, 75 W.Va. 98, 83 S.E. 299 (1914), holds: "Upon appeal from an order of the county court denying removal of an administrator, the circuit court has jurisdiction, in a proper case, to remove for cause the original appointee and to substitute another in his stead as personal representa-

tive." Likewise, syllabus point 6 of *Baltimore Bargain House v. St. Clair*, 58 W.Va. 565, 52 S.E. 660 (1906), states: "Equity, by virtue of its general jurisdiction over the administration of trusts, has power to remove trustees, for cause." This Court finds the principles thus expressed in *Tramel* and *St. Clair*, although set forth in such older cases, consistent with both the current deference afforded the selection of the fiduciary and the fact that the fiduciary is subject to removal in limited circumstances. Additionally, in this case, Ms. Erickson's Will and Trust each provided for successor fiduciaries in the event of Johnson's unwillingness or failure to serve.

In *McClure v. McClure*, 184 W.Va. 649, 403 S.E.2d 197 (1991), the parents of the decedent filed an action in the Circuit Court of Nicholas County, West Virginia, to remove the decedent's wife as personal representative of his estate. The wife allegedly killed or conspired to kill the decedent, and the parents asserted that she, therefore, had a conflict of interest in bringing a wrongful death action. Upon the dismissal of the complaint, the parents appealed. Reversing the dismissal, this Court held:

> [W]e conclude that upon a proper factual showing by the plaintiffs of the defendant's involvement in her husband's death, the circuit court would be authorized to remove her and direct the appointment of a new person to act as the personal representative. * * * We recognize that the bare allegations of the complaint are not sufficient to mandate the immediate removal of the administratrix. The plaintiffs must prove the critical facts surrounding the wife's involvement in the claimed unlawful and intentional killing.

184 W.Va. at 655, 403 S.E.2d at 203.

 Here, the Circuit Court removed petitioner Johnson as fiduciary because of the pending legal malpractice action. Specifically, the Circuit Court was concerned that, as both a fiduciary and a defendant, Johnson would be in a position to control the flow of information subject to discovery in the malpractice action.[10] As indicated above, howev-

**10.** In their response to the petition for a writ of prohibition, Charles F. Erickson and Lee A. Scott

er, the removal order of December 13, 2005, contained no findings or conclusions. Nor did it discuss the conflict of interest issue relating to the malpractice action or express any additional ground for Johnson's removal. Moreover, the evidentiary hearing did not take place as scheduled. The December 13, 2005, order directed that Charles F. Erickson and Lee A. Scott would become the Executors of the Estate and that procedures would be followed pursuant to the provisions of the Trust to select a new Trustee. Charles F. Erickson and Lee A. Scott subsequently became the new Trustees.

While this Court shares the Circuit Court's concern with regard to the assertion that Johnson's position as Executor and Trustee may enable him to control the flow of discoverable information in the malpractice action, we note that, during the non-evidentiary hearing of December 9, 2005, the Circuit Court focused upon that issue to the exclusion of other concerns, resulting ultimately in Charles F. Erickson and Lee A. Scott becoming the new Executors and Trustees. Certainly, in the context of removal, it would be inappropriate for the Circuit Court to conduct a *de facto* trial to determine the merits of the malpractice claim. However, part of the equation concerning whether to remove Johnson as fiduciary which was not considered includes such matters as: (1) the prior litigation involving Ms. Erickson, Charles F. Erickson and petitioner Johnson as reflected in the 1994 *Erickson* cases, discussed *supra*, (2) whether and to what extent Ms. Erickson had knowledge of Johnson's specific conduct which gave rise to the alleged malpractice, (3) whether, during her tenure as Trustee of the Trust, Ms. Erickson ever attempted to revoke Johnson's nomination as Trustee, (4) the effect of the provision of the Trust that the Trustee is subject to the making of accountings of Trust property and (5) whether

the fiduciary fees charged by Johnson are excessive. As indicated in *McClure*, such matters cannot be resolved upon bare allegations alone and require an evidentiary hearing with an order containing sufficient findings and conclusions to follow. This Court is, therefore, of the opinion that the Circuit Court exceeded its authority in removing Johnson as Executor and Trustee.[11]

## IV.

### Conclusion

Upon all of the above, this Court grants the relief requested by petitioner Johnson, as moulded, and prohibits enforcement of the December 13, 2005, order. Specifically, this Court holds that Johnson is reinstated as Executor of the decedent's Estate and as Trustee of the Ethel M. Erickson Grantor's Trust pending the entry of a final order by the Circuit Court following an evidentiary hearing to be conducted upon the removal issue and, if removal is warranted by the evidence, upon the appropriateness of appointing Charles F. Erickson and Lee A. Scott as successor Executors and Trustees. If deemed necessary, the Circuit Court is authorized to appoint an Executor and Trustee *ad litem* pending resolution of the malpractice action.

Writ Granted as Moulded.

attached, as an exhibit, a reply filed by Johnson to a discovery request in the malpractice action. In the reply, Johnson asserted the attorney-client privilege and the work product doctrine with regard to a demand for the production of various notes, documents and electronically stored information concerning Ms. Erickson. According to the certificate of service, Johnson served the reply on opposing counsel on December 22, 2005, which was during the course of the malpractice

action but after he had been removed as Executor and Trustee.

11. *See*, by analogy, *State ex rel. Williams v. Narick*, 164 W.Va. 632, 264 S.E.2d 851 (1980), syllabus point 3 of which states in part: "It is only in a case where there has been no evidence supporting a finding of competence [to stand trial] that prohibition will lie."