591 S.E.2d 162

**Robert J. TROZZI, Petitioner Below, Appellant,**

v.

**The BOARD OF REVIEW OF the WEST VIRGINIA BUREAU OF EMPLOYMENT PROGRAMS, Respondent Below, Appellee.**

**No. 31318.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 28, 2003.

Decided Nov. 21, 2003.

---

Kathleen Abate, Cohen, Abate & Cohen, Morgantown, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Christie S. Utt, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM.

■ This appeal was filed by Robert J. Trozzi, appellant/petitioner below (hereinafter referred to as "Mr. Trozzi"), from an order of the Circuit Court of Kanawha Coun-

ty denying his request for attorney fees and costs. Mr. Trozzi sought attorney fees and costs after obtaining a favorable ruling on a petition for a writ of mandamus and prohibition, brought against the Board of Review of the West Virginia Bureau of Employment Programs (hereinafter referred to as "the Board of Review"), appellee/respondent below.[1] After a careful review of the briefs and record, as well as listening to the oral arguments of the parties, the circuit court's order denying attorney fees and costs is reversed.

## I.

### FACTUAL AND PROCEDURAL HISTORY

This appeal grew out of Mr. Trozzi's efforts to obtain unemployment compensation benefits. Mr. Trozzi left his employment with Snowshoe Resorts in 2001. Mr. Trozzi subsequently filed a claim for unemployment benefits. The claim was initially denied. However, after a hearing before an administrative law judge, Mr. Trozzi obtained a favorable ruling permitting him to receive unemployment compensation benefits. The decision awarding such benefits was appealed to the Board of Review by the employer. The Board of Review vacated the administrative law judge's decision and remanded the claim for a new hearing.

Mr. Trozzi challenged the Board of Review's decision by filing a petition for a writ of mandamus and prohibition with the circuit court.[2] By order entered January 29, 2002, the circuit court granted the writ. In doing so, the circuit court found that under the applicable laws and rules, the Board of Review could only remand a claim when a party shows good cause. The circuit court deter-

---

1. In the petition for a writ of mandamus and prohibition Mr. Trozzi named the Board of Review members in their official and individual capacities. Although the Board of Review sets out an argument against imposing attorney fees and costs against its members in their individual capacity, Mr. Trozzi has not argued before this Court that attorney fees and costs should be imposed against the Board of Review members in their individual capacity. This Court has noted that "[w]hen a public official is acting in his or her official capacity, any award of costs and reasonable attorneys' fees must be paid from the public officer's office budget." *State ex rel. McGraw v. Zakaib*, 192 W.Va. 195, 196 n. 1, 451 S.E.2d 761, 762 n. 1 (1994). The record in this case clearly demonstrates the Board of Review members were acting in their official capacity in ruling on the underlying claim by Mr. Trozzi, consequently, individual liability for attorney fees and costs is not an issue in this case.

2. Prior to filing the petition, Mr. Trozzi asked the Board of Review to reconsider its ruling, but the Board of Review declined to do so.

mined that the employer failed to show good cause for remanding the claim to the administrative law judge.

The order granting the writ also denied Mr. Trozzi's request for attorney fees and costs. Mr. Trozzi subsequently filed a Rule 59(e) motion asking the circuit court to reconsider its denial of attorney fees and costs. The motion, which was later amended, sought $282.28 for costs and $7,524.00 for attorney fees through February 12, 2002, and additional attorney fees thereafter at $180.00 per hour for time spent on the motion.[3] The circuit court denied the motion. This appeal followed.

## II.

## STANDARD OF REVIEW

■ This Court has held that "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998). Here, the underlying judgment was a denial of a request for attorney fees. "We review the denial of a request for attorneys' fees in a mandamus [or prohibition] action under a clearly erroneous standard." *Cathe A. v. Doddridge County Bd. of Educ.*, 200 W.Va. 521, 532, 490 S.E.2d 340, 351 (1997). *See also* Syl. pt. 3, *Martin v. West Virginia Div. of Labor Contractor Licensing Bd.*, 199 W.Va. 613, 486 S.E.2d 782 (1997) (" An award of attorney fees in an action seeking a writ of prohibition is reviewable under an abuse of discretion standard."). However, "[w]here the issue on an appeal from the circuit court is clearly a

question of law ..., we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III.

## DISCUSSION

The circuit court's decision to deny attorney fees and costs was based upon this Court's decision in *Board of Review of Bureau of Employment Programs v. Gatson*, 210 W.Va. 753, 559 S.E.2d 899 (2001). In *Gatson*, the claimant was denied unemployment compensation benefits at the administrative level. The claimant appealed to the circuit court. The circuit court reversed the administrative ruling and "sua sponte awarded attorney fees and costs." *Gatson*, 210 W.Va. at 755, 559 S.E.2d at 901. On appeal to this Court, the dispositive issue was whether attorney fees could be awarded against the Board of Review.

This Court noted in *Gatson* that "our unemployment compensation law does not expressly allow recovery of attorney fees against the public body." *Gatson*, 210 W.Va. at 756, 559 S.E.2d at 902. Although there was no statutory authority to award attorney fees against the Board of Review, this Court recognized that " '[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs,' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Gatson*, 210 W.Va. at 755, 559 S.E.2d at 901 (quoting Syl. pt. 3, *Sally–Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986)). We adopted the principle of law articulated in *Yokum* and held in Syllabus point 3 of *Gatson* that "[a] claimant who prevails in an unemployment compensa-

---

**3.** The Board of Review's brief in this matter has mischaracterized the attorney fee issue. The Board of Review contends that Mr. Trozzi sought attorney fees in the amount of $780.00, which was approved by the Board of Review. The Board of Review's brief neglected to point out that two separate attorney fee issues were involved in this case. Counsel for Mr. Trozzi sought the approval of the Board of Review to charge him $780.00 for attorney fees for the legal work performed at the administrative level, prior to

filing the petition for a writ of mandamus and prohibition. However, Mr. Trozzi's request for attorney fees and costs to the circuit court were for the legal work performed in prosecuting the petition for a writ of mandamus and prohibition. The issue of attorney fees for the administrative legal work is not before this Court. This appeal involves only the request for attorney fees and costs associated with the petition for a writ of mandamus and prohibition.

tion action may not be awarded attorney fees unless the evidence shows the Division of Unemployment Compensation acted in bad faith or with vexatious, wanton, or oppressive conduct."

In the instant case, the circuit court found that under *Gatson,* Mr. Trozzi "has not shown that the [Board of Review] acted in bad faith, or with vexatio[us], wanton, or oppressive conduct." Consequently, the circuit court denied attorney fees and costs. Mr. Trozzi contends, and we agree, that the *Gatson* standard is inapplicable to the procedure involved in this case.

 *Gatson* involved an *appeal* to the circuit court by the claimant from an adverse ruling by the Board of Review. In contrast, Mr. Trozzi filed a petition for a writ of mandamus and prohibition to challenge the Board of Review's decision.[4] Consequently, the standard for awarding attorney fees and costs is not found in *Gatson.* The applicable standard is that which is used for a petition for a writ of mandamus and prohibition. *See Daily Gazette Co., Inc. v. West Virginia Dev. Office,* 206 W.Va. 51, 67, 521 S.E.2d 543, 559 (1999) ("[T]he rules established for the award of attorney's fees in mandamus proceedings do not apply to FOIA actions because ... the two types of cases employ different standards for the granting of such awards.").

 Under W. Va.Code § 53-1-8 (2000) costs may be recovered in a mandamus or prohibition proceeding.[5] *See* Syl. pt. 3, *Nelson v. West Virginia Pub. Employees Ins. Bd.,* 171 W.Va. 445, 300 S.E.2d 86 (1982) ("It is settled that in mandamus proceedings

where a public officer willfully fails to obey the law, costs will be awarded."). The statute is silent on the issue of attorney fees. "However, in *Nelson v. West Virginia Public Employees Ins. Bd.,* this Court, while considering the applicability of attorney fees under W. Va.Code § 53-1-8 in an action for a writ of mandamus, observed our previous holding that 'attorney fees are not "costs," ... and thus attorney fees would not ordinarily be recoverable as such.'" *Martin v. West Virginia Div. of Labor Contractor Licensing Bd.,* 199 W.Va. 613, 619, 486 S.E.2d 782, 788 (1997) (quoting *Nelson,* 171 W.Va. at 451, 300 S.E.2d at 92). The decision in *Nelson* carved out a general standard by which attorney fees may be awarded in a mandamus proceeding. In syllabus point 4 of *Nelson* we held that "[i]n mandamus proceedings where a public officer willfully fails to obey the law, attorney fees will be awarded."

 The general standard for awarding attorney fees in a mandamus proceeding, as set out in *Nelson,* was refined by Justice Cleckley in *State ex rel. West Virginia Highlands Conservancy, Inc. v. West Virginia Division of Environmental Protection,* 193 W.Va. 650, 458 S.E.2d 88 (1995). In *Highlands* two standards for awarding attorney fees in a mandamus proceeding were established. In syllabus point 3 of *Highlands* the following was stated: "[w]here a public official has deliberately and knowingly refused to exercise a clear legal duty, a presumption exists in favor of an award of attorney's fees; unless extraordinary circumstances indicate an award would be inappropriate, attorney's

---

4. The Board of Review has argued that we should not make a procedural distinction in this case, because Mr. Trozzi should have filed an appeal and not a petition for a writ of mandamus and prohibition. *See* W. Va.Code § 21A-7-17 (2002) (providing for an appeal of the Board of Review's decision to the circuit court). The Board of Review's arguments fall on deaf ears for one specific reason. The Board of Review should have set out a cross-assignment of error challenging the circuit court's order granting the writ if it believed the writ was inappropriate because Mr. Trozzi should have appealed the administrative ruling. Absent such a cross-assignment of error by the Board of Review, we are constrained to review this matter under the law applicable to a mandamus and prohibition proceeding. *See Bettinger v. Bettinger,* 183 W.Va.

528, 533, 396 S.E.2d 709, 714 (1990) ("The purpose of requiring a specific cross-assignment of error is to alert the appellant to the issue to enable a response to be made in the appellant's reply brief."). We wish to emphasize that we do not approve of Mr. Trozzi's utilization of an extraordinary writ when an appeal procedure was made available. If the Board of Review had properly presented this issue as a cross-assignment of error, a different outcome may have been reached by this Court.

5. W. Va.Code § 53-1-8 provides:

The writ peremptory shall be awarded or denied according to the law and facts of the case, and with or without costs, as the court or judge may determine.

fees will be allowed." In syllabus point 4 of *Highlands* the following stated:

Where a public official has failed to exercise a clear legal duty, although the failure was not the result of a decision to knowingly disregard a legal command, there is no presumption in favor of an award of attorney's fees. Rather, the court will weigh the following factors to determine whether it would be fairer to leave the costs of litigation with the private litigant or impose them on the taxpayers: (a) the relative clarity by which the legal duty was established; (b) whether the ruling promoted the general public interest or merely protected the private interest of the petitioner or a small group of individuals; and (c) whether the petitioner has adequate financial resources such that petitioner can afford to protect his or her own interests in court and as as between the government and petitioner.

*See e.g., Phillip Leon M. v. Greenbrier County Bd. of Educ.*, 199 W.Va. 400, 484 S.E.2d 909 (1996) (affirming the award of attorney fees and costs under *Highlands* standards); *Bennett v. Adkins*, 194 W.Va. 372, 460 S.E.2d 507 (1995) (applying *Highlands* standards to reverse trial court's denial of attorney fees and costs); *West Virginia Educ. Ass'n v. Consolidated Pub. Ret. Bd.*, 194 W.Va. 501, 460 S.E.2d 747 (1995) (remanding case for circuit court to apply *Highlands* standards to determine whether attorney fees and costs should be awarded). Thus, the standards of *Highlands*, and not *Gatson*, governed the issue of attorney fees and costs in this case.[6]

We do not find evidence to warrant a presumption of an award of attorney fees and costs under syllabus point 3 of Highlands. Therefore, we will analyze the factors set out in syllabus point 4 of *Highlands*.

**(a) Clear legal duty.** The first issue we must address is whether a clear legal duty existed in the manner in which the Board of Review may remand a case to an administrative law judge for a *de novo* hearing. During the proceeding for Mr. Trozzi's petition for a writ of mandamus and prohibition, he argued that the Board of Review failed to follow the applicable rule and statute when it remanded his case for a de novo hearing.

The Board of Review remanded the case for the taking of additional evidence. However, 84 C.S.R. 1, § 5.8 imposes specific requirements upon a party seeking to have additional evidence presented. This regulation requires that a party file a motion and show good cause for seeking to have additional evidence presented.[7] The circuit court found that "[t]here was no Motion for Additional Evidence or other motion for a remand of this claim, to present additional evidence, made on behalf of the employer, by any attorney representing the employer." Morever, the circuit court found that "[t]he employer did not show good cause for a remand, as required by the Procedural Rules of the Board of Review."

Pursuant to W. Va.Code § 21A–7–10 (2002) "[t]he board may, on its own motion, after notice to the claimant, last employer, and the commissioner, eight days in advance of the date set for hearing, affirm, modify, or reverse and set aside a decision of an appeal tribunal." The circuit court found that the Board of Review violated this statute. Specifically, the circuit court found that the Board of Review "did not give notice to the claimant, last employer, and the commissioner, eight days in advance of the date set for hearing, before taking action to set aside the

---

**6.** This Court has applied the *Highlands* standards in cases seeking a writ of mandamus and prohibition. *See State ex rel. Brown v. Corporation of Bolivar*, 209 W.Va. 138, 544 S.E.2d 65 (2000) (per curiam) (awarding attorney fees and costs under *Highlands* in a mandamus and prohibition action).

**7.** The full text of 84 C.S.R. 1, § 5.8 provides as follows:

Motions to present additional evidence will not be granted upon appeal to the Board ex-

cept for good cause shown. To establish good cause, a party must demonstrate that the evidence was not available prior to the appeal tribunal hearing or that he or she did not know, nor reasonably could have known, of the evidence in question at that time. Any party having good cause to offer additional evidence should forward a written request to the Board for an opportunity to present such evidence. A copy of such request must be served on all parties.

decision of the Administrative Law Judge on its own motion."

This Court has little problem in finding that 84 C.S.R. 1, § 5.8 and W. Va.Code § 21A–7–10 imposed a clear and unequivocal procedural duty upon the Board of Review before it còuld remand a case for a *de novo* hearing. "Although the [Board of Review] has not shown an intention to disregard the law, the statute and the applicable regulation[ ] provide[d] clear guidance." *Highlands*, 193 W.Va. at 654, 458 S.E.2d at 92. The Board of Review failed to follow that guidance and violated that procedural duty in this case.

 *(b) The interest promoted in granting the writ.* The next issue we must consider concerns whether the circuit court ruling granting the writ to Mr. Trozzi by the circuit court, promoted the general public interest or merely Mr. Trozzi's own private interest. "[A]lthough this case involves a primarily private dispute, we cannot disregard the broader implications of the case as it relates to the ... proper methods for [the Board of Review to remand a case]." *Bennett v. Adkins*, 194 W.Va. 372, 380, 460 S.E.2d 507, 515 (1995).

Mr. Trozzi correctly argues that "[i]f the Board is permitted to ... remand on its own motion without the required notice, any claimant who relies upon the procedural rules ... does so to his or her detriment, is placed at a procedural disadvantage, may be denied due process, and may be forced to hire legal counsel to defend their unemployment compensation benefits." In considering these factors, we believe they are relevant to all claimants seeking contested unemployment compensation benefits. Consequently, the writ issued in this case had an impact far beyond the narrow interest of Mr. Trozzi.

 *(c) Financial resources of Mr. Trozzi.* The final issue for consideration involves the adequacy of Mr. Trozzi's financial resources to protect his interests against improper conduct by the Board of Review. This issue need not detain us. Mr. Trozzi has correctly argued that as "between the government agency and ... unemployed

workers, the government is better suited to bear the costs of the agency's failure to comply with a statutory duty." *See* Syl. pt. 1, *Highlands* ("Costs and attorney's fees may be awarded in mandamus proceedings involving public officials because citizens should not have to resort to lawsuits to force government officials to perform their legally prescribed nondiscretionary duties.").

### IV.

### CONCLUSION

In view of the foregoing, the circuit court's order denying Mr. Trozzi attorney fees and costs is reversed. The case is remanded for the circuit court to enter an order awarding Mr. Trozzi $282.28 for costs and $7,524.00 for attorney fees through February 12, 2002, and additional attorney fees thereafter at $180.00 per hour for time spent on the Rule 59(e) motion. Further, on remand Mr. Trozzi is to be awarded reasonable attorney fees and costs for prosecuting this appeal.

Reversed and Remanded.