IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

**FILED**

**October 27, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-0449

STATE OF WEST VIRGINIA EX REL. O.H., M.D.,
Petitioner

v.

WEST VIRGINIA BOARD OF MEDICINE,
Respondent

PETITION FOR WRIT OF PROHIBITION

WRIT DENIED

Submitted:  October 11, 2016
Filed:  October 27, 2016

Stuart A. McMillan, Esq.
Joshua A. Johnson, Esq.
Bowles Rice LLP
Charleston, West Virginia
Counsel for Petitioner

Patrick Morrisey, Esq.
Attorney General
Greg S. Foster, Esq.
Katherine A. Campbell, Esq.
Assistant Attorneys General
Charleston, West Virginia
Counsel for Respondent

JUSTICE LOUGHRY delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1. "'The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction.' Syl., *State ex rel. Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E. 111 (1925)." Syl. Pt. 1, *State ex rel. Johnson v. Reed*, 219 W.Va. 289, 633 S.E.2d 234 (2006).

2. "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

3. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).

**LOUGHRY, Justice:**

The petitioner, O.H., a licensed medical doctor (hereinafter "O.H." or "the doctor"), seeks to invoke this Court's original jurisdiction to prohibit the respondent, the West Virginia Board of Medicine (hereinafter "the Board"), from taking any further action on a complaint filed against the doctor by his former patient, Ms. M.B. (hereinafter "M.B." or "the complainant").[1] The doctor contends that M.B.'s complaint should be dismissed with prejudice due to the Board's failure to timely act upon it. Having carefully considered the parties' arguments, the appendix records submitted by each party, and the applicable law, this Court concludes that the Board complied with the provision in West Virginia Code § 30-1-5(c) (2015 & 2016 Supp.) permitting an extension of time to obtain a final ruling on the complaint. As the extended time period had not expired when this petition for prohibition was filed, prohibition does not lie and the petition is denied.

## I. Factual and Procedural Background

Pursuant to its authority in the West Virginia Medical Practice Act, the Board licenses medical doctors, podiatrists, and physician assistants in West Virginia. W.Va. Code

---

[1]At O.H.'s request, we refer to him and to the complainant by their initials. The Board's complaint committee has not yet decided whether there is probable cause to believe that O.H. has committed a violation for which he may be professionally sanctioned, and the details of the pending investigation are confidential. *See* W.Va. Code § 30-3-14(p) (2015 & 2016 Supp.); *Daily Gazette Co., Inc. v. W.Va. Bd. of Medicine*, 177 W.Va. 316, 352 S.E.2d 66 (1986).

§ 30-3-5 (2015). The Board also investigates complaints alleging that its licensees have violated the Medical Practice Act. W.Va. Code § 30-3-14 (2015 & 2016 Supp.), W.Va. Code R. §§ 11-3-1 to -19 (2010). When the Board finds probable cause to substantiate charges of disciplinary disqualification, the Board will pursue charges in a contested case proceeding. *See id.* If a charge is proven, the Board may take disciplinary action, including suspending or revoking the licensee's license. W.Va. Code § 30-3-14.

On September 15, 2014, M.B. filed a complaint with the Board alleging that O.H. engaged in an improper emotional and sexual relationship with her while he was her treating physician. She further alleged that he failed to correctly treat her when she revealed suicidal ideations. The doctor responded to the complaint on October 20, 2014, admitting that he had exchanged frequent text messages with M.B. while treating her, but denying they had engaged in any sexual or other improper relationship. According to O.H., M.B. was under the care of a different doctor when she later attempted suicide. Thereafter, M.B. submitted a written reply to the Board on November 18, 2014, restating her complaint.

The matter was reviewed by the Board's complaint committee on January 11, 2015, and an investigation was initiated. In a status report sent to M.B. on March 13, 2015, the Board explained that the investigation was ongoing. The status report was sent via certified mail, which M.B. signed for on March 16, 2015. On May 17, 2015, the complaint

2

committee met with O.H. and his legal counsel. At the conclusion of the meeting, the committee determined that further investigation was needed before a probable cause determination could be made.

The Board states that its investigation into M.B.'s claims consisted of, *inter alia*, eighty-nine hours of work by a private investigator, including performing multiple witness interviews; the Board's issuance of ten subpoenas for medical, telephone, and other records; and a review of extensive documents.[2] At its meeting in September 2015, the complaint committee directed the Board's executive director to hire an expert psychiatrist to render an opinion on O.H.'s conduct and the standard of care. According to the Board, its expert was to submit a written report by December 30, 2015; however, the report was not received until April 16, 2016.

Meanwhile, in February 2016, the Board obtained M.B.'s written consent to extend the time for a final ruling on her complaint until September 15, 2016. The complaint committee was scheduled to once again consider this complaint during its meeting on May 15, 2016. According to the Board, at this meeting the committee was to determine whether

---

[2] The appendix record reflects that the Board examined, *inter alia*, O.H.'s medical and billing records to determine whether they support the information reported by O.H. and M.B. The Board also examined text messages for authenticity because O.H. accused M.B. of modifying the wording of some of the text messages he sent her.

3

there was probable cause to substantiate a violation and proceed to a contested case hearing, or whether the complaint should be dismissed. However, O.H. filed the instant petition for writ of prohibition with this Court on May 11, 2016, asserting that the Board had failed to proceed in a timely manner. On May 12, 2016, we granted O.H.'s motion to stay the administrative proceedings pending a resolution of the petition for prohibition. After briefing and oral argument, this matter is now ready for our decision.

## II. Standard for Issuance of Writ of Prohibition

This Court has long held that "'[t]he writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction.' Syl., *State ex rel. Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E. 111 (1925)." Syl. Pt. 1, *State ex rel. Johnson v. Reed*, 219 W.Va. 289, 633 S.E.2d 234 (2006); *accord* Syl. Pt. 2, in part, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers.").

There is no dispute that the Board has jurisdiction to investigate and pursue complaints filed against licensed medical doctors, including O.H. However, O.H. argues that the Board has exceeded its jurisdiction and acted contrary to statute by continuing to

4

investigate M.B.'s complaint for more than nineteen months. To evaluate whether a tribunal is acting in excess of its jurisdiction, we consider the following factors:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). With these principles in mind, we turn to the parties' arguments.

## III. Discussion

### A. Petition for Prohibition

The Legislature has limited the amount of time in which any administrative Board covered by Chapter 30 of the West Virginia Code, including the Board of Medicine, has to investigate and resolve complaints.

> Every board referred to in this chapter shall investigate and resolve complaints which it receives and shall, within six months of the complaint being filed, send a status report to the party filing the complaint by certified mail with a signed return receipt and within one year of the status report's return receipt date issue a final ruling, unless the party filing the complaint and the board agree in writing to extend the time for the final ruling.

W.Va. Code § 30-1-5(c) (2015 & 2016 Supp.).[3] When considering this statute in the context of actions taken by a different Chapter 30 board, we held that "[i]n adjudicating a contested case concerning the revocation or suspension of a nurse's license to practice registered professional nursing, the West Virginia Board of Examiners for Registered Professional Nurses *must* follow the procedural requirements set forth in Chapter 30 of the West Virginia Code[.]" Syl. Pt. 2, in part, *State ex rel. Fillinger v. Rhodes*, 230 W.Va. 560, 741 S.E.2d 118 (2013) (emphasis added); *accord* Syl. Pt. 4, in part, *State ex rel. York v. W.Va. Real Estate Appraiser Licensing and Certification Bd.*, 236 W.Va. 608, 760 S.E.2d 856 (2014) ("In adjudicating a contested case concerning the revocation or suspension of a licensed real estate appraiser's license to perform appraiser duties, the West Virginia Real Estate Appraiser Licensing and Certification Board must follow the procedural requirements set forth in Chapter 30 of the West Virginia Code[.]"). The requirements of West Virginia Code § 30-1-5(c) "are unquestionably mandatory and therefore, jurisdictional, as pertains to" the administrative disciplinary proceedings of Chapter 30 boards. *State ex rel. Miles v. W.Va. Bd. of Registered Professional Nurses*, 236 W.Va. 100, 105, 777 S.E.2d 669, 674 (2015).

---

[3]This statute was amended in 2016, but the amendments are not relevant to this case.

In the instant case, the Board argues that it has fully complied with the requirements of West Virginia Code § 30-1-5(c). The complaint was filed on September 15, 2014, and six months later, on March 13, 2015, the Board sent a status report to the complainant M.B. by certified mail. M.B. signed the return receipt for this mail on March 16, 2015, thus establishing the deadline of March 16, 2016, for the Board to issue a final ruling on her complaint. *See id.*, in part ("within one year of the status report's return receipt date [the board shall] issue a final ruling"). However, the statute permits an extension of this deadline if "the party filing the complaint and the board agree in writing[.]" *Id.* The record reflects that in February 2016, the Board and M.B. entered into a written, signed agreement to extend the deadline for issuing the final ruling on M.B.'s complaint to September 15, 2016, an additional six months.[4]

O.H. contends that the Board has failed to comply with the statutory time frames and thus he is entitled to a writ of prohibition and the dismissal of M.B.'s complaint. Although West Virginia Code § 30-1-5(c) permits the Board to secure a written agreement with the complainant to obtain an extension of time, O.H. argues that the use of the term "the

_____

[4]The agreement, "West Virginia Board of Medicine Agreement to Extend Deadline for Final Ruling," provided, in part, that "[p]ursuant to West Virginia Code § 30-1-5(c), and by placing their dated signatures upon this form, Ms. [M.B.] and the Board are memorializing their agreement to extend the deadline for a final ruling in this matter. By agreement, the Board's final ruling in this matter must now occur on or before September 15, 2016." M.B. signed the agreement on February 19, 2016, and the Board's executive director signed on February 25, 2016.

7

final ruling" means that this extension may only be obtained after a probable cause finding is already made. According to O.H., "nowhere in the statute allows the Board to extend the time for a preliminary determination of probable cause," and in more than nineteen months, the Board has yet to make a probable cause finding in this case.

The Board argues that O.H. is reading requirements into the statute that are not there, and that the written agreement it reached with M.B. did extend the time for its final ruling. The Board contends that until this Court stayed the administrative proceedings, it had planned to have the entire matter–including the complaint committee's probable cause determination; an administrative hearing, if probable cause is found; and the issuance of a final ruling–completed by the September 15, 2016, extended deadline. The Board states that a probable cause finding is merely an interim step along the way to a final ruling, and if probable cause is found to substantiate the allegations in a complaint, the matter proceeds to a contested case hearing and a final ruling. If, however, probable cause is not found, the final ruling consists of the dismissal of the complaint.[5]

---

[5]West Virginia Code § 30-3-14(p) provides, in part:

> In every case considered by the board under this article regarding discipline or licensure, whether initiated by the board or upon complaint or information from any person or organization, the board shall make a preliminary determination as to whether probable cause exists to substantiate charges of disqualification due to any reason set forth in subsection (c) of this section.

8

After a careful review of the law pertaining to the Board's handling of disciplinary complaints, we must reject O.H.'s theory that the extension of time allowed by West Virginia Code § 30-1-5(c) only applies after a probable cause finding is made. Although the statute establishes a specific deadline for one step in the complaint process–sending a status report to the complainant–it does not establish a deadline by which the Board must make a probable cause determination. Moreover, the separate statute pertaining to the Board's finding of probable cause, West Virginia Code § 30-3-14(p), and its supporting legislative regulation, West Virginia Code of State Rules § 11-3-10.14, also do not specify a time by which the Board must make a probable cause determination.[6] "'[I]t

West Virginia Code of State Rules § 11-3-10 provides, in part:

> 10.12. Upon receipt of the respondent's response or at any point in the course of investigation or inquiry into a complaint, the complaint committee may determine that there is not and will not be sufficient evidence to warrant further proceedings or that the complaint fails to allege misconduct for which a licensee may be sanctioned by the Board. In that event, the complaint committee shall dismiss the complaint. . . .
> . . . .
> 10.14. If the complaint committee determines that there is reason to believe that the acts alleged occurred and constitute a violation for which a licensee may be sanctioned by the Board, the complaint committee shall find probable cause to believe there is a violation of the law.
> 10.15. A hearing is required if it is determined that there is probable cause to believe that acts alleged occurred and may constitute a violation of any provision of law. The complaint committee may take such action as it determines a complaint warrants.

[6]*See* note 5, *supra*.

is not for [courts] arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, *we are obliged not to add to statutes something the Legislature purposely omitted.*' *Banker v. Banker*, 196 W.Va. 535, 546–47, 474 S.E.2d 465, 476–77 (1996) (citing *Bullman v. D & R Lumber Company*, 195 W.Va. 129, 464 S.E.2d 771 (1995)." *Longwell v. Bd. of Educ. of County of Marshall*, 213 W.Va. 486, 491, 583 S.E.2d 109, 114 (2003). Although recent opinions[7] of this Court addressing West Virginia Code § 30-1-5(c) happened to involve complaints for which probable cause had already been found, nothing in the statute restricts its application only to matters already in the adjudicatory process.

West Virginia Code § 30-1-5(c) plainly and unambiguously permits the Board and the complainant to agree in writing to extend the time for issuance of the final ruling, and "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951). The statute refers to the amount of time the Board has to "investigate and resolve" complaints to a "final ruling," i.e., to complete the entirety of the Board's disciplinary complaint process. Thus, as long as the entire process will be completed and the Board's final ruling issued within the time frame

---

[7]*Fillinger*, 230 W.Va. 560, 741 S.E.2d 118; *York*, 236 W.Va. 608, 760 S.E.2d 856; *Miles*, 236 W.Va. 100, 777 S.E.2d 669.

10

permitted by the statute, including an extension of time obtained in compliance with the statute, the Board may proceed to act on a complaint. If, however, the final ruling is not issued in that time frame, the Board loses jurisdiction over the complaint. *See Miles*, 236 W.Va. at 105, 777 S.E.2d at 674 (statutory time frames required by W.Va. Code § 30-1-5(c) "are unquestionably mandatory and therefore, jurisdictional").[8]

This statute was the subject of three recent cases where this Court issued writs of prohibition and ordered the dismissal, with prejudice, of complaints due to the dilatory conduct of other Chapter 30 boards. Importantly, none of the boards in those cases complied with the provision in West Virginia Code § 30-1-5(c) allowing for the extension of the deadline for the final ruling upon the written agreement of the complainant and the board. Neither of the boards in *Fillinger* or *York* made any attempt to obtain such an agreement. *Fillinger*, 230 W.Va. at 565, 741 S.E.2d at 123; *York*, 236 W.Va. 608, 760 S.E.2d 856 (2014). In *Miles*, the Board of Registered Professional Nurses waited until after the deadline for the final ruling had already passed and then merely mailed a letter to the complainant

---

[8]If probable cause is found and charges are pursued, the Board must also comply with the time frames established for the adjudicatory process, including allowing the licensee thirty days to answer the charges, providing mandatory discovery, providing a notice of hearing at least thirty days before the hearing date, and allowing time for preparation of the hearing transcript and the submission of proposed findings of fact and conclusions of law. *See* W.Va. Code § 30-3-14(h) and (i); W.Va. Code § 30-1-8(f) (2015); W.Va. Code R. §§ 11-3-10.18, 11-3-11.4, 11-3-11.5(e), 11-3-13.1 (2010). Thus, although there is no specific deadline for making the probable cause determination, it would certainly behoove the board to always make this determination promptly.

11

noting that an extension was needed and presuming that the complainant would agree. *Miles*, 236 W.Va. at 106, 777 S.E.2d at 675. The board in *Miles* did not obtain the written consent of its complainant, as required by the statute. In contrast, the appendix record in the case *sub judice* reflects that the Board and M.B. have complied with this statutory provision.[9]

Because the Board and M.B. agreed in writing to extend the deadline for the issuance of a final ruling on M.B.'s complaint, and the extended deadline was still four months away when O.H. filed this petition for prohibition, we conclude that O.H. has not demonstrated an error of law or that the Board has acted in excess of its jurisdiction. As such, prohibition does not lie. *See Hoover*, 199 W.Va. at 14-15, 483 S.E.2d at 14-15, syl. pt. 4 (when determining whether to grant discretionary writ of prohibition, Court gives substantial weight to consideration of whether there exists clear error as matter of law); *Johnson*, 219 W.Va. at 290, 633 S.E.2d at 235, syl. pt. 1 (writ of prohibition will issue only in clear case where inferior tribunal is proceeding without, or in excess of, jurisdiction).

We must caution the Board, however, that even though West Virginia Code § 30-1-5(c) allows for an agreed extension of time to issue the final ruling, this option must always be exercised in a reasonable and judicious manner. Certainly, the Legislature did not intend for its time restriction on the final ruling to be ignored. The Legislature chose to enact

---

[9]*See* note 4, *supra*.

explicit time restrictions for a reason, and these time requirements are not "matters of mere 'convenience' or 'form.'" *Miles*, 236 W.Va. at 105, 777 S.E.2d at 674. "The fundamental purpose of licensure and registration [of professionals] is to protect the public[.]" W.Va. Code § 30-1-1a (2015). The public will not be protected, and licensees will not be treated fairly, if a Chapter 30 board obtains an unnecessary, or unnecessarily long, extension of time. Our previous reproach to the Board of Registered Professional Nurses bears repeating:

> [I]t is the responsibility of the Board to act diligently and promptly in reviewing, investigating, and conducting disciplinary hearings on complaints brought before it not only to guarantee that nurses will be held accountable for proven misconduct, but most importantly, to ensure the safety of patients and the public. Such expeditious action by the Board also assures hardworking, diligent, and caring nurses that they are working alongside other nurses who are competent and fit to hold a nursing license in this State. This results in protecting the public while also preserving the integrity of the nursing profession.
>
> *Fillinger*, 230 W.Va. at 568, 741 S.E.2d at 126 (Loughry, J., concurring). Clearly, the Legislature has determined that professionals are entitled to resolution of the cloud over their license within a specific time frame. More critically, the Legislature has determined that the public should not be interminably exposed to professionals who potentially present a risk of harm to their patients, clients or the public at large.

*Miles*, 236 W.Va. at 107, 777 S.E.2d at 676. These words have equal application to the Board of Medicine. O.H. asserts that the length of the investigation in this case was not reasonable and the expert opinion was unnecessary. However, given the diametrically

13

different positions reportedly taken by M.B. and O.H. during the Board's investigation, we are unable to conclude that an additional six months was unreasonable under the particular facts of this case.

## B.  The Stay

On May 12, 2016, this Court entered an order staying the Board's action on M.B.'s complaint until the resolution of this petition for prohibition.  At that time, 126 days remained on the Board's extended deadline to issue its final ruling.  The stay will automatically be lifted contemporaneously with the issuance of this Court's mandate order.[10] The Board's time in which to issue its final ruling is hereby tolled from the date of the stay order until the date of the mandate order.  Accordingly, the Board will have 126 days after the date of the mandate order in which to issue its final ruling.

## IV.  Conclusion

For the foregoing reasons, the petition for writ of prohibition is denied and the stay is lifted contemporaneously with the issuance of the Court's mandate.

Writ denied.

---

[10]Pursuant to Rule of Appellate Procedure 26(b), unless a timely petition for rehearing is filed, the Clerk will issue the mandate as soon as practicable after the passage of thirty days from the filing of this opinion.