No. 23-431 – *State of West Virginia ex rel. Jose Ravelo, DDS v. West Virginia Board of Dentistry*

**FILED**

**May 24, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

BUNN, Justice, concurring:

The majority correctly determines that, under the facts of this case, the West Virginia Board of Dentistry ("the Board") has not violated the applicable statutory time limitations for final resolution of a disciplinary action pursuant to West Virginia Code § 30-1-5(c).[1] I further agree with the majority that, "through its actions to date," *State of West Virginia ex rel. Jose Ravelo, DDS v. West Virginia Board of Dentistry*, No. 23-431, slip op. at 18 (W. Va. May 24, 2024), the Board has not violated Dr. Ravelo's constitutional due process rights.

However, I write separately to highlight the danger that in other circumstances, despite complying with the statutory time frames established in West Virginia Code § 30-1-5(c), the Board may extend the deadlines beyond the limits established by an individual's constitutional due process rights. The risk of infringing upon these rights is particularly high in situations where the Board is also the complainant and extends its own deadlines, as it did here. Under another set of facts, the Board may grant

---

[1] West Virginia Code § 30-1-5 sets forth the time limitations in which any administrative board covered by Chapter 30 of the West Virginia Code, including the Board of Dentistry, has to investigate and resolve disciplinary complaints. *See* W. Va. Code § 30-1-5.

1

itself one too many extensions and delay the proceedings for an unreasonable period of time.

As this Court has consistently warned, "even though West Virginia Code § 30-1-5(c) allows for an agreed extension of time to issue the final ruling, this option must always be exercised in a reasonable and judicious manner. Certainly, the Legislature did not intend for its time restriction on the final ruling to be ignored." *State ex rel. O.H. v. W. Va. Bd. of Med.*, 238 W. Va. 139, 145, 792 S.E.2d 638, 644 (2016). Rather, "[t]he Legislature chose to enact explicit time restrictions for a reason, and these time requirements are not matters of mere convenience or form." *Id.* (quotations and citation omitted). Pursuant to West Virginia Code § 30-1-1a, "[t]he fundamental purpose of licensure and registration is to protect the public . . . ." We have previously explained, "[t]he public will not be protected, and licensees will not be treated fairly, if a Chapter 30 board obtains an unnecessary, or unnecessarily long, extension of time." *O.H.*, 238 W. Va. at 145, 792 S.E.2d at 644. Moreover, I emphasize that

> [I]t is the responsibility of the Board to act diligently and promptly in reviewing, investigating, and conducting disciplinary hearings on complaints brought before it not only to guarantee that nurses will be held accountable for proven misconduct, but most importantly, to ensure the safety of patients and the public. Such expeditious action by the Board also assures hardworking, diligent, and caring nurses that they are working alongside other nurses who are competent and fit to hold a nursing license in this State. This results in protecting the public while

> also preserving the integrity of the nursing profession.
>
> [*State ex rel.* ]*Fillinger*[ *v. Rhodes*], 230 W. Va. [560, ]568, 741 S.E.2d[ 118, 126 (2013)] (Loughry, J., concurring).

*O.H.*, 238 W. Va. at 145, 792 S.E.2d at 644 (first alteration in original). Just as these words had "equal application to the Board of Medicine" in *O.H.*, they have equal application to the Board in this case. *Id.* While I agree with the majority that the facts of this case do not rise to a violation of Dr. Ravelo's constitutional due process rights, the Board must be reminded that it cannot grant extension after extension to a complainant, especially when it is itself the complainant, nor can it give unreasonably lengthy extensions.

For these reasons, I respectfully concur with the majority's opinion in this case.